IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV228-1-MU

PHILLIP W. RUTTER,          )
                            )
        Petitioner,         )
                            )
    v.                      )        **O R D E R**
                            )
ALVIN W. KELLER, JR., Sec., )
                            )
        Respondent.         )
_____)

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition Under 28 U.S.C. § 2254 (Doc. No. 1) and Petitioner's Application to Proceed In Forma Pauperis (Doc. No. 2), both filed June 8, 2009.

A Petition for a Writ of Habeas Corpus requires a filing fee of $5.00. For purposes of this Order, the Court will grant Petitioner's Application to Proceed In Forma Pauperis.

A prisoner is required to exhaust the remedies available to him in the state courts before he files a writ of habeas corpus in the federal courts. 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has held that § 2254's exhaustion requirement requires "state prisoners to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). This "one full opportunity" includes filing petitions for discretionary review when that review is part of the ordinary appellate procedure in the State. Id.

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North

Carolina Supreme Court for discretionary review or by filing a state post-conviction proceeding and petitioning the North Carolina Court of Appeals for a writ of certiorari.

Petitioner indicates in his federal habeas petition that he did not directly appeal his state court conviction. Petitioner thus has not exhausted his state court remedies through the direct appeal process. Petitioner also indicates that he has not filed any other petitions, applications, or motions concerning his judgment and conviction. Because Petitioner has not filed a Motion for Appropriate Relief (MAR), he has not fully exhaust his state court remedies through the post-conviction process. Consequently, Petitioner's federal habeas petition is unexhausted and must be dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed In Forma Pauperis is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust his state court remedies.

Signed: June 16, 2009

Graham C. Mullen
United States District Judge